# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHAMAR ENOCH AMARU XI ALI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-0289 |
| ) | Judge Aleta A. Trauger |
| UNITED STATES SOCIAL ) | |
| SECURITY ADMINISTRATION and ) | |
| MARK KEETON, ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM

Plaintiff Shamar Enoch Amaru Xi Ali has filed a *pro se* civil rights Complaint in this court, asserting a violation of his constitutional rights under 42 U.S.C. § 1983 based on the Social Security Administration's refusal to recognize his name change. (Compl., Doc. No. 1.) Also pending in this court is the plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 2.) As set forth below, the court will grant the Application to file the case as a pauper but dismiss the Complaint for failure to state a claim for which relief may be granted.

**I.    Application to Proceed Without Prepaying Fees or Costs**

The plaintiff alleges that he is employed, earning the gross amount of $2,513 per month and $30,160 per year, which is approximately double the federal poverty level for 2018 for a household of two people. However, the plaintiff also alleges that he has expenses totaling close to what the court presumes the net amount of the plaintiff's paycheck to be, that he has no

savings or bank account, and that he has one dependent child. Based on these factors, the court will grant the Application to Proceed Without Prepaying Fees or Costs (Doc. No. 2).

**II.     Review of Complaint**

    **A.     Standard of Review**

By law, the court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### B. Factual Allegations and Procedural Background

The Complaint is short on factual allegations and long on statements of law and assertions of rights. Factually, the plaintiff alleges only that he is an Indigenous American and, as such, has the "right to assume the cultural . . . surnames of [his] ancestors." (Doc. No. 1, Compl. ¶ 5.) The plaintiff effected a "common law Name Change," changing his name from LaDuntae Xi to Shamar Enoch Amaru Xi Ali. (Compl., Remedy Demand.) He apparently obtained a Tribal Court Order Name Change. (*Id.* ¶ 3.) He submitted a copy of that Tribal Court Order in support of his application to the Social Security Administration ("SSA") to change his name on his Social Security card and in the SSA's records. The SSA denied his request to recognize his name change, on the basis that the "Tribal Court Order Name Change was not issued by a Federally recognized U.S. Indian Tribe." (*Id.*) On March 2, 2018, the plaintiff sent the SSA an "Affidavit & Notice of Right to Common Law Name Change [and] Notice by Affidavit to Cease & Desist." (*Id.* ¶ 2.) The SSA ignored this demand and has continued to refuse to recognize the plaintiff's name change.

The plaintiff thereafter filed this lawsuit, naming as defendants the United States Social Security Administration and Mark Keeton. Mark Keeton is not identified or mentioned anywhere in the Complaint other than in the case caption. The plaintiff purports to state a claim under 42 U.S.C. § 1983, asserting that the SSA's refusal to recognize and implement his name change violates his rights under the Ninth and Tenth Amendments to the United States Constitution and constitutes unlawful discrimination on the basis of the plaintiff's national origin. He demands monetary damages in the amount of $30,000 to compensate him for mental and emotional harm.

He also seeks equitable relief in the form of an injunction requiring the SSA to accept his name change for all purposes and to issue a new Social Security card reflecting his name change.

### C. Discussion

As an initial matter, the court notes that the Complaint utterly fails to allege any facts concerning defendant Mark Keeton. Notably, the Complaint does not indicate whether Keeton is an official employed by the SSA or whether he was personally involved in the refusal to recognize the plaintiff's name change. The court therefore finds that the Complaint fails to state a claim against that defendant under any theory of recovery. The claims against Mark Keeton are subject to dismissal for failure to state a claim for which relief may be granted against him.

The only other defendant named is the Social Security Administration, an agency of the United States. As sovereign, the United States is entitled to absolute immunity from suit for damages or injunctive relief except insofar as it has consented to such suit. *United States v. Mitchell*, 463 U.S. 206, 212–13 (1983). The United States has not consented to suit under the federal civil rights statutes. *Selden Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 785 F.2d 152, 158 (6th Cir. 1986) (citing *Unimex, Inc. v. U.S. Dep't of Housing*, 594 F.2d 1060, 1061 (5th Cir. 1979)). The claims against the Social Security Administration are subject to dismissal on the basis of sovereign immunity.

Even if the court, construing the Complaint excessively liberally, presumes that Mark Keeton is an official employed in the Tennessee regional office of the Social Security Administration and that the plaintiff intended to sue him in his individual capacity based on personal involvement in denying the plaintiff's request that the SSA recognize his name change, the claim against him is subject to dismissal. This is because the allegations in the Complaint, even if presumed to be true, do not establish the violation of a constitutional right.

First, Keeton, as a federal official rather than a state official, would not be subject to suit under 42 U.S.C. § 1983. However, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that "a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." *Id.* at 389. That is, under *Bivens*, a federal official may be sued in his individual capacity for the violation of an individual's constitutional rights. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity.").

Insofar as a *Bivens* claim against Keeton is purportedly premised upon violations of the plaintiff's rights under the Ninth and Tenth Amendments to the United States Constitution, such a claim fails, as neither of these amendments provides a basis for relief under the circumstances presented here.[1] *Accord El v. Comm'r of Soc. Sec.*, No. 1:17-CV-279-MW-GRJ, 2018 WL 795736, at *3 (N.D. Fla. Jan. 18, 2018), *report & recommendation adopted*, 2018 WL 797430 (N.D. Fla. Feb. 8, 2018) (concluding that the plaintiff who sued the SSA for failure to recognize his name change did not state a claim based on the violation of the Ninth or Tenth Amendments); *see also Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991) ("[T]he ninth amendment does not confer substantive rights in addition to those conferred by other portions of our governing law."); *United States v. Johnson*, 114 F.3d 476, 480 (4th Cir. 1997) (noting that the Tenth Amendment requires showing that a specific federal statute or regulation is outside Congress's power or that the "means of regulation employed . . . impermissibly infringes upon state sovereignty" (citing *New York v. United States*, 505 U.S. 144, 159, 188 (1992))). The conclusory

---

[1] The Ninth Amendment simply states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The Tenth Amendment provides that the powers not delegated to the United States are reserved to the individual States "or to the people."

allegations in the Complaint here are simply not sufficient to implicate the Ninth Amendment or the Tenth Amendment.

The plaintiff also fails to show a violation of his right to equal protection under the Constitution. Notably, he does not actually allege that the SSA deprived him of the right to change his name. Rather, the facts as alleged suggest only that the plaintiff failed to present the documentation of his name change required by the SSA's regulations. The few courts that have considered similar claims under factually similar circumstances have likewise concluded that the SSA does not violate the Constitution by requiring that a person who asserts a name change follow the SSA's strict procedural requirements for proving such a name change. In *Jennings-El v. Social Security Administration*, No. 1:07-cv-287, 2007 WL 1114237, at *2 (S.D. Ohio April 12, 2007), the plaintiff argued that requiring him to obtain a court order legally changing his named was "a denial of his nationality." The court dismissed the claim on initial review, stating:

> The requirement that plaintiff obtain proper verification of his identity before a Social Security card may be issued does not deny plaintiff his right to use a name which reflects his nationality. It simply reflects legitimate governmental policies of reducing identity theft and ensuring fiscal responsibility. The verification requirement does not . . . violate plaintiff's constitutional rights.

*Id.*; *accord Hall-El v. United States*, No. 1:11CV1037, 2013 WL 1346621, at *5 (M.D.N.C. April 3, 2013) ("Requiring an individual to have a court ordered name change before changing the name on his Social Security card simply does not violate that individual's constitutional rights."), *report and recommendation adopted sub nom. El v. Pate*, 2013 WL 5213428 (M.D.N.C. Sept. 16, 2013).

Even more on point, in *El v. Commissioner of Social Security*, No. 1:17-CV-279-MW-GRJ, 2018 WL 795736, at *2 (N.D. Fla. Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 797430 (N.D. Fla. Feb. 8, 2018), the plaintiff alleged that he submitted a tribal court

order in support of his application to have his name change reflected on his Social Security card, but the agency official charged with reviewing his application nonetheless denied it. Like the plaintiff here, Mr. El believed that his tribal court order should have been accepted as proof of his name change and that the denial of his application constituted discrimination on the basis of national origin. *Id.* at *1. The court found that the allegations failed to establish to a constitutional violation for purposes of *Bivens*, as follows:

> Under the Social Security regulations, "If you wish to change the name or other personal identifying information you previously submitted in connection with an application for a Social Security number card, you must complete a prescribed application . . . . You must prove your identity, and you may be required to provide other evidence. (See § 442.107 for evidence requirements.)." 20 C.F.R. § 422.110 (2015). "Evidence of identity may consist of a driver's license, identification card, school record, medical record, marriage record, passport, Department of Homeland Security document, or other similar evidence serving to identify you." 20 C.F.R. § 422.107(c)(1).
>
> . . . .
>
> Further, under the internal policies of the Social Security Administration as documented in the Program Operations Manual System ("POMS"), a legal name of an individual born in the United States "is the name shown on his or her U.S. birth certificate . . . unless the person's name has changed based on certain events, such as a marriage or a valid court order for a name change." POMS RM 10212.001. POMS also includes a long list of events that provide a basis for a name change that may be used for a name change on a Social Security card, including a U.S. court order for a name change and a U.S. Tribal document. *See* POMS RM 10212.010; RM 10212.080; RM 10212.099. However, "[a]ll documents submitted for a name change must be reviewed under the SSN evidence guidelines described in RM 10210.210." POMS RM 10212.010.
>
> Thus, although the Social Security Administration's internal guidelines provide that a "U.S. Tribal document" *may* provide evidence of a valid name change, any such documentary evidence must meet the evidence guidelines—not every "tribal court order" will suffice. When the Social Security Administration reviewed the documentary evidence Plaintiff submitted as evidence of a name change, it found that "they are not legal name change documents." Such a finding is not evidence of discrimination; it is evidence of strict identity-verification guidelines. And as discussed above, requiring a legal name change and proper verification of such is not a violation of Plaintiff's constitutional rights.

*Id.* at *4 (internal citation to the record omitted).

In this case, the factual allegations, vague as they are, likewise indicate that the (unidentified) individual reviewing the plaintiff's application determined that the Tribal Court Order submitted by the plaintiff was not acceptable evidence of a valid name change and that more evidence was required, because the order in question was "not issued by a Federally recognized U.S. Indian Tribe." (Compl. ¶ 3.) As in *El*, the SSA's finding that the Tribal Court Order submitted by the plaintiff was insufficient evidence of his name change does not constitute evidence of discrimination; rather, "it is evidence of strict identity-verification guidelines." *El*, 2018 WL 795736, at *4.

### III. Conclusion

In sum, the Complaint is subject to dismissal with prejudice, first because the Social Security Administration is immune from liability and the plaintiff fails to allege facts supporting a claim against defendant Mark Keeton. Second, even if the Complaint had appropriately identified Mark Keeton and specified that the plaintiff sought to bring a *Bivens* claim against him in his individual capacity, the allegations in the Complaint do not establish a violation of the plaintiff's constitutional rights.

An appropriate Order is filed herewith, granting the plaintiff's application to proceed *in forma pauperis* but dismissing the Complaint with prejudice.

ENTER this 14th day of May 2018.

ALETA A. TRAUGER
United States District Judge